**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4846**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AHMAD SAYED HASHIMI, a/k/a Jimmy, a/k/a Jimmy Jimski, a/k/a Jamshaid,

        Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 18-5184)

Submitted: March 11, 2019                 Decided: April 25, 2019

Before KEENAN and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Phoenix Ayotte Harris, HARRIS, CARMICHAEL & ELLIS, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Sean Michael Welsh, Special Assistant United States Attorney, Whitney Dougherty Russell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ahmad Sayed Hashimi of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count 1), conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012) (Count 2), kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2012) (Count 3), and interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2) (2012) (Count 4). The district court sentenced Hashimi to 300 months' imprisonment. We previously affirmed the district court's judgment. *United States v. Hashimi*, 718 F. App'x 178, 179 (4th Cir. 2018). The Supreme Court granted Hashimi's petition for a writ of certiorari and has remanded the case for further consideration in light of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *Hashimi v. United States*, 139 S. Ct. 377 (2018). We again find no reversible error, and thus affirm the district court's judgment.

I.

Hashimi first contends that the district court erred in allowing into evidence Hashimi's past acts of domestic violence against his former girlfriend and coconspirator. The Government contends that the evidence was admissible because it was intrinsic to the drug conspiracy. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." *Id.* (internal quotation marks omitted). Moreover, evidentiary rulings are reviewed for harmless error, a standard that requires us to determine "with fair assurance, after pondering all that happened without stripping the

2

erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cloud*, 680 F.3d 396, 401 (4th Cir. 2012) (internal quotation marks omitted).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (alteration and internal quotation marks omitted). "[E]vidence of other bad acts is intrinsic if, among other things, it involves the same series of transactions as the charged offense, which is to say that both acts are part of a single criminal episode." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013) (citation and internal quotation marks omitted). Similarly, the evidence is intrinsic "if it is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (alteration and internal quotation marks omitted). Even if the evidence is intrinsic, it must still satisfy Fed. R. Evid. 403. *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009). Evidence is unfairly prejudicial "under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (internal quotation marks omitted).

The district court did not abuse its discretion in concluding that the past incidents of domestic violence were intrinsic to the drug conspiracy. Hashimi's former girlfriend

3

testified that she did not enter the conspiracy until she began dating Hashimi. She ended the relationship during the conspiracy after an incident of domestic violence. After one of the incidents of violence, she took some of Hashimi's cocaine, and Hashimi kidnapped and assaulted her in his attempt to locate the stolen cocaine, linking the violence to the conspiracy. The use of domestic violence showed Hashimi's control over his former girlfriend and coconspirator. *See United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010). Thus, a complete history of their relationship was essential to complete the story of the case on trial. Moreover, if there was any error in admitting this evidence, it was harmless in light of the overwhelming evidence of Hashimi's guilt.

## II.

Hashimi next contends that the district court erred in answering a juror's question about whether a buyer-seller relationship could establish a conspiracy because the court's answer misstated the law and failed to properly respond to the question, and that the court further erred in not allowing Hashimi to offer additional closing argument to address the issue. Generally, we review a district court's response to a jury's question for an abuse of discretion. *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016). "[W]hen the jury asks a clarifying question, the court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." *Id.* (internal quotation marks omitted). However, because Hashimi failed to object to the court's response, we review for plain error. *Id.* Thus, to succeed on his claim, Hashimi "must show (1) that the [district] court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the

4

district court proceedings." *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (internal quotation marks omitted). If Hashimi meets this burden, "we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We conclude that the district court did not plainly err in answering the juror's question as it did. The court directly answered the question by saying the answer was no, as the juror had asked the question. The court's explanation that a buyer-seller relationship, combined with additional evidence, could be enough to sustain a conspiracy conviction was consistent with our precedent on the issue. *United States v. Allen*, 716 F.3d 98, 104 (4th Cir. 2013); *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008). Moreover, the court's answer to the question did not present a new theory, and thus Hashimi was not entitled to additional closing argument. *See United States v. Horton*, 921 F.2d 540, 547 (4th Cir. 1990).

III.

Hashimi next contends that the district court erred in sentencing him to 120 months' imprisonment on Count 4 because the sentence exceeds the statutory maximum. Because Hashimi failed to raise this issue in the district court, we review for plain error. *See Catone*, 769 F.3d at 871. Hashimi's sentence on Count 4 exceeds the statutory maximum sentence of 60 months' imprisonment, as the government concedes. 18 U.S.C. § 2261(b)(5) (2012). However, the district court ordered Hashimi's sentence on Count 4 be served concurrently with his sentences on the other counts, each of which exceeds the

5

120 months' imprisonment ordered on Count 4. Thus, although the district court plainly erred in sentencing Hashimi above the statutory maximum on Count 4, the court's error does not affect his substantial rights. *United States v. Ellis*, 326 F.3d 593, 599-600 (4th Cir. 2003).

IV.

Finally, Hashimi raises two errors concerning his trial counsel. Hashimi argues that trial counsel was ineffective because counsel conceded Hashimi's guilt on Counts 3 and 4 during closing argument without Hashimi's consent. We must consider this argument in light of the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *See Hashimi v. United States*, 139 S. Ct. 377 (2018). In *McCoy*, the Supreme Court determined that "[w]hen a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." 138 S. Ct. at 1509 (quoting U.S. Const. amend. VI). Counsel's failure to defer to his client's wish in such circumstances constitutes structural error not subject to harmless error analysis and thus requires the defendant's conviction to be vacated. *Id.* at 1511. Further, "[b]ecause a client's autonomy, not counsel's competence, is in issue, we do not apply our ineffective-assistance-of-counsel jurisprudence." *Id.* at 1510-11.

Whereas the record in *McCoy* included "express statements of the client's will to maintain innocence," *id.* at 1509, the record in this case includes no definitive evidence regarding whether Hashimi consented or objected to his counsel's concession of guilt on Counts 3 and 4 prior to closing argument. Accordingly, on the record before us, we

6

discern no violation of Hashimi's Sixth Amendment rights. We note, however, that if there are facts not currently in the record before us that call this conclusion into question, Hashimi remains free to raise this claim in a 28 U.S.C. § 2255 (2012) motion. *See Faulls*, 821 F.3d at 507-08.

Hashimi next contends that the district court erred in denying his motions for new counsel because the court only briefly inquired into his conflicts with counsel, they had a breakdown in communication, and his poor relationship with counsel led to counsel providing ineffective assistance. When a district court has denied a request by a defendant to replace his court-appointed attorney, we consider three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Horton*, 693 F.3d 463, 467 (4th Cir. 2012) (internal quotation marks omitted). We review such a denial for abuse of discretion. *Id.* at 466.

We discern no abuse of discretion in this case. Although Hashimi's first request for new counsel was made at his arraignment, the next two requests were made on the eve of trial, indicating that they may have been made for the purpose of delaying the trial. *See United States v. Smith*, 640 F.3d 580, 596 (4th Cir. 2011). The record belies Hashimi's contention that the district court failed to conduct an adequate inquiry into his relationship with counsel. Moreover, the record does not reveal that any conflict between counsel and Hashimi hindered the defense; many of Hashimi's concerns centered on the discovery process, issues that do not relate to Hashimi's communication with counsel.

7

V.

Accordingly, we affirm the district court's judgment. We deny Hashimi's motion to appoint substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*